**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| SHAWN DAVIS, | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | 1:05-CV-45 (WLS) |
| | : | |
| SAMUEL ARLEN FARKAS | : | |
| | : | |
|         Defendant/Third | : | |
|         Party Plaintiff, | : | |
| | : | |
| KATHLEEN MORRELL MORGAN, | : | |
| | : | |
|         Third Party Defendant. | : | |

**ORDER**

      Pending before the Court is Plaintiff's motion to remand. (Doc. 11).  Also, pending is Third Party Defendant's motion for default judgment on her counterclaim against Plaintiff and her counterclaim against Defendant/Third Party Plaintiff.  (Doc. 14).  For the following reasons, Plaintiff's motion to remand  (Doc. 11) is **GRANTED.**  Third Party Defendant's motion for default judgment (Doc. 14) is **DENIED without prejudice.**

**DISCUSSION**

      This case involves a two car collision on June 12, 2003, in Dougherty County, Georgia.  The Plaintiff, Shawn Davis, was a passenger in a vehicle driven by the Defendant, Samuel Arlen Farkas.  The other vehicle, driven by Third Party Defendant, Kathleen Morrell Morgan, collided with Defendant Farkas' vehicle.

      On March 3, 2005, Plaintiff filed suit against Farkas for personal injuries in the State Court of Dougherty County.  Plaintiff alleged that Farkas was negligent in the operation of his vehicle.  On March 12, 2005, Farkas was personally served with a copy of the summons and complaint.  On April 5, 2005, Farkas filed a timely answer to the complaint.  On April 7, 2005, Farkas filed a timely notice of removal to this Court alleging that diversity of citizenship and the amount in controversy provided this Court with subject matter

jurisdiction.  Plaintiff filed the instant motion to remand on May 9, 2005. (Doc. 11).

Both parties agree that the removing party has the burden of proving that it has the right to remove the case to federal court by the preponderance of the evidence.  <u>Rolling Green MHP v. Comcast LLC</u>, 374 F.3d 1020 (11th Cir. 2004).  The parties also do not dispute that 28 U.S.C. § 1332 requires complete diversity between the Plaintiff and Defendant.  The amount in controversy is not an issue between the parties, the question is whether for diversity purposes Farkas is a resident of Georgia or Florida.

Farkas is a student at Florida State University and resides there at least while school is in session.  The record is not clear where he resides when school is not in session.  According to his affidavit, Farkas pays in-state tuition and has voted in Leon County, Florida.  Defendant's mother resides somewhere in Florida.  Farkas's father resides in Albany, Georgia.  Farkas has a Georgia Drivers License and it lists his address as 3605 Old Dawson Road, Albany, Georgia.  Farkas' car is registered and insured in Georgia.  Farkas, however, has stated that he does not intend to move back to Albany once he completes his degree.  He has not, however, testified that he intends to permanently reside in Florida.  Plaintiff has produced evidence that Farkas was a named Plaintiff in recent litigation removed from the Superior Court of Dougherty County involving Phoebe Putney Health Systems. <u>Bonnie Pitts, et. al. v. Phoebe Putney Health Systems, Inc., et. al.</u>, 1:04-CV-152 (WLS).  The complaint in that case states that Farkas is a resident of Albany, Georgia.

A person's domicile is the place of his "true fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  <u>Mas v. Perry</u>, 489 F.2d 1396 (5th Cir. 1974).  However, the Eleventh Circuit has recognized that college student domicile for diversity purposes poses a unique situation.  In <u>Scoggins v. Pollock</u>, 727 F.2d 1025 (11th Cir. 1994), the Eleventh Circuit held that Scoggins remained domiciled in Georgia even though she was attending school in South Carolina and did not intend to return to Georgia upon graduation.  The court stated that Scoggins domicile in Georgia continued until she established a new permanent residence.  The <u>Scoggins</u> case is clearly controlling in this case, and mandates a finding that Farkas is domiciled in Georgia.

Besides the <u>Scoggins</u> case, Farkas has not proved by the preponderance of the evidence that he is domiciled in Florida.  He still retains a Georgia License and his car is registered in Georgia.  The car is insured by a Georgia insurance carrier.  More compelling, the injuries he sustained as a result of the accident in this case gave rise to his claim as a named Plaintiff in a class action against Phoebe Putney.  In that lawsuit he stated at least two times he is a resident of Albany, Georgia.  Accordingly, the Court finds that for diversity purposes Farkas is domiciled in Georgia, not Florida.  Therefore, Plaintiff's motion to remand the case to the State Court of Dougherty County (Doc. 11) is **GRANTED.**

As to Third Party Plaintiff's motion for default judgment, the Court lacks subject matter jurisdiction to resolve the matter.  Therefore, the motion for default judgment (Doc. 14) is **DENIED without prejudice.**

**SO ORDERED**, this ___29th day of March, 2006.

    ___/s/W. Louis Sands_____
    **W. LOUIS SANDS, CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**